# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

FELIX LUIS RODRIGUEZ,

    Plaintiff,

v.                                             Case No. 5:19-cv-373-TKW/MJF

MARK INCH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with two court orders.[1]

**I.    Background**

On October 3, 2019, Plaintiff, a Florida inmate proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). The undersigned granted Plaintiff's motion for leave to proceed *in forma*

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

*pauperis* and directed Plaintiff to submit an initial partial filing fee of $30.64. (Doc. 4). On October 28, 2019, Plaintiff filed his second amended complaint. (Doc. 6). After several extensions of time, on January 21, 2020, Plaintiff paid his initial partial filing fee. (Doc. 16).

On February 18, 2020, the undersigned issued an order notifying Plaintiff that he was required to file a third amended complaint on the form approved for use in the Northern District of Florida. (Doc. 17). The undersigned imposed a deadline of March 18, 2020, to comply. (*Id.*). The undersigned warned Plaintiff that failure to comply with that order likely would result in dismissal of this action. (*Id.*). Plaintiff did not comply with that order.

On April 9, 2020, the undersigned issued an order directing Plaintiff to show cause, if any, why this case should not be dismissed for: (1) failure to comply with a court order; and (2) failure to prosecute. (Doc. 18). The undersigned imposed a deadline of April 30, 2020, to comply. (*Id.*). The undersigned again warned Plaintiff that failure to comply with that order likely would result in dismissal of this action. (*Id.*). As of the date of this report and recommendation, Plaintiff has not filed a third amended complaint on the court approved form or explained his failure to comply with the undersigned's orders.

## II. Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to comply with two court orders.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d

108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On February 18, 2020, the undersigned issued an order notifying Plaintiff that he was required to file a third amended complaint on the form approved for use in the Northern District of Florida. (Doc. 17). The undersigned imposed a deadline of March 18, 2020, to comply. (*Id.*). Thus, Plaintiff has failed to comply with that order since approximately March 18, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on February 18, 2020; and

    b.    the order issued on April 9, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 17, 18). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff

could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice would not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being prosecuted actively, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Insofar as he is already incarcerated, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this 12th day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.